## IN THE UNITED STATES BANKRUPTCY COURT
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No.: 10-34788 |
| MAREK PAWLAK | ) | |
| MARTA PAWLAK | ) | |
| | ) | Judge Jack B. Schmetterer |
| Debtors | ) | Trustee Tom Vaughn |

| | | |
|---|---|---|
| MAREK PAWLAK | ) | |
| MARTA PAWLAK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Adv. No. 10-02063 |
| | ) | |
| CENLAR FSB. | ) | |
| AKA CENTRAL LOAN | ) | |
| ADMINISTRATION & REPORTING | ) | |
| | ) | |
| Defendant, | ) | |

~~AMENDED MOTION TO APPROVE PROPOSED~~

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Marek and Marta Pawlak, ("Debtors" or "Plaintiffs"), by and through their attorney, Ted A. Smith, hereby requests that this Court enter an order approving the Plaintiff's amended motion to approve proposed finding of fact and conclusion of law. Plaintiff's proposed finding of fact and conclusions of law are as follows:

1. Plaintiff brought this action pursuant to 11 U.S.C. § 506 (a), § 506 (d), and the federal Rules of Bankruptcy Procedure Rules 3012 and 7001 (2) seeking to determine the value of the Defendant's interest in Debtor's residential real estate and to determine the status of Defendant's claim.

2. This proceeding arises from the above-captioned Chapter 13 case under Title 11 of the U.S. Code. This Court has both personal and subject matter jurisdiction to hear this case pursuant to §§ 1334 and 157(b)(2) of Title 28 of the United States Code.

3. This is a core proceeding and the Bankruptcy Court has jurisdiction to enter a final order.

4. Venue lies in the District pursuant to § 1391 (b) of Title 28 of the United States Code.

5. Plaintiff filed the instant case, 10-34788, on August 3, 2010, under Chapter 13 of the U.S. Bankruptcy Code, currently pending before this Court.

6. The Defendant, Cenlar FSB, AKA Central Loan Administarion & Reporting, is, upon information and belief, an entity engaged in the business of consumer lending in the State of Illinois, and which maintains a principal place of business in some other state other than the State of Illinois.

7. The 341 Meeting of Creditors was held and adjourned on September 2, 2010.

8. The Plaintiff owns real property located at 1970 Lilac Court, Schaumburg, IL, with a PIN number of 07-32-301-033-1466.

9. The Plaintiff's interest in his residential property is subject to a first lien from a mortgage held by BAC Home Loans. This mortgage was recorded on October 16, 2006, with the Cook County Recorder of deeds, Document Number 0628949104.

10. No proof of claim has been filed on the first mortgage.

11. The Plaintiff's interest in his residential property is subject to a second lien from a mortgage held by Cenlar FSB, AKA Central Loan Administration & Reporting. This mortgage was recorded on October 16, 2006, with the Cook County Recorder of deeds, Document Number 0628949105.

12. No proof of claim has been filed on the second mortgage.

13. The lien securing the second mortgage of Defendant is junior to the first mortgage owed to BAC Home Loans.

14. The Plaintiff alleges that when he filed his bankruptcy petition, the value of the property was $159,484.00. Plaintiff had an appraisal done which indicated the same value.

15. Pursuant to § 506(a), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition…"

16. Pursuant to § 506(d), "to the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void…"

17. Pursuant to § 1322 (b)(2), "the plan may modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence…"

18. This Court decided in *In Re: Milliletti Forrest,* 410 B.R. 816 (September 16,

2009), that valuations of alleged wholly unsecured junior mortgages are to be conducted through an adversary proceeding."

19. The United States District Court for the Northern District of Illinois in *In Re: Bettye Jean Holloway*, 2001 U.S. Dist LEXIS 16898 (October 16, 2001), decided that § 1322 (b)(2), does not protect secondary lien holders whose interest is not supported by some value in the residence and their claim must be determined to be at least partially secured under § 506(a) to be protected from modification.

20. Further, in *In Re: Dinisha D. Walters*, 276 B.R. 879 (April 25, 2002), the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, decided that where a junior creditor's lien was wholly secured, it should be stripped off of the Debtor's residence and avoided if the Debtor performed under the confirmed plan and made all required payments.

21. There is no equity in the property and pursuant to § 506(a), the Defendant has no allowable security interest in the claim for the second mortgage on the residential property.

Respectfully Submitted,
Ted A. Smith
By: /s/ Ted A. Smith

Dated this the 28th day of January, 2011.

Ted A. Smith #6271456
Smith Ortiz P.C.
Attorney for Plaintiffs
4309 W. Fullerton Ave.
Chicago, Illinois 60639
Tel.: (773) 384-7400
Fax: (773) 384-7403
Email: ted.smith@smithortiz.com

JAN 28 2011